IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00060-MR

| | |
|---|---|
| JACOB HOOTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHERIFF OF BUNCOMBE COUNTY, ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Buncombe County Detention Facility (BCDF) and at the Henderson County Detention Center (HCDC), where he is presently being held. [Doc. 1]. He names as Defendants in their individual and official capacities: the Sheriff of Buncombe County/Buncombe County Sheriff's Office (BCSO); the BCDF; "Unknown Officers"; "All Officers Detention Staff Buncombe County"; "All Nurse Detention Staff Nurse Buncombe County"; and "All Officers - Officer

Johnson" and "All Officers - Officer Jalub (or Halub)," who are Buncombe County deputies or detectives. [Doc. 1 at 1, 3-4].

The Plaintiff alleges as follows:

> Was accused of rape from (12) years ago. Case was reopened by Buncombe County Sheriff's Office. They claimed they had my DNA, however, they questioned me for the first time (12) years after rape took place. I had (2) witnesses on my behalf stating my whereabouts. Case was dismissed but I had to set [sic] in jail for two years due to their misconduct. As a result newspapers, YouTube, google, etc. search slanders my name and character. Detention officer told other inmates about my charges. Other inmates were calling me a rapist constantly. This was recorded on bodycams. Inmates were on phones calling me a rapist to their friends and family. I got into several altercations because officers and a nurse calling me a rapist. I lost a lot of weight due to severe stress. I was scared for my life because of being labeled a rapist. (2) officers and a nurse were transferred because they called me a rapist in front of other inmates, inciting them to cause me harm. This was recorded on bodycams. Inmates thought I was guilty because of this. Jail staff was intentionally inducing inmates to harm me.

[Doc. 1 at 4-5]. The Plaintiff claims that "people" are doing the same thing at HCDC by saying he is a rapist. [Id.].

As injury, the Plaintiff alleges that he sustained psychological damage and lost income. [Id.]. He seeks compensatory and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to name BCDF as a Defendant. However, a correctional institution is not a "person" subject to suit under § 1983. See

Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1981). Thus, BCDF is not a proper Defendant in this matter and will be dismissed from this action with prejudice.

Next, the Plaintiff names as Defendants "Unknown Officers," "All Officers Detention Staff Buncombe County," and "All Nurse Detention Staff Nurse Buncombe County." [Doc. 1 at 1, 3]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted).

Here, the Plaintiff fails to make any factual allegations regarding the Doe Defendants whatsoever. See Fed. R. Civ. P. 8(a) (a short and plain statement of the claim is required); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that

support each element of the claim). Nor has he demonstrated any likelihood that these Defendants could be identified through discovery. See Schiff, 691 F.2d at 198. Therefore, the Complaint will be dismissed without prejudice as to Defendants "Unknown Officers," "All Officers Detention Staff Buncombe County," and "All Nurse Detention Staff Nurse Buncombe County."

The Plaintiff's allegations that his rights are being violated at HCDC cannot proceed because he has not named any HCDC defendant(s). See generally Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a nullity."). Moreover, the Plaintiff's allegations concerning HCDC are so vague, conclusory, and devoid of factual support that they would not pass initial review even if the Plaintiff had named a DHCF defendant. See Fed. R. Civ. P. 8(a); Dickson, 309 F.3d at 201-02. Accordingly, to the extent that the Plaintiff attempts to make claims about incidents that allegedly occurred at HCDC, they are dismissed.[1]

---

[1] Further, it appears that it may not be appropriate for the Plaintiff's claims addressing HCDC and BCDF to proceed in a single lawsuit. See generally Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act.).

The Plaintiff purports to sue the Buncombe County Sheriff/BCSO and BCDF employees in their official capacities. Suits against sheriffs and sheriff's office employees in their official capacities are in substance claims against the office of the sheriff itself. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same).

The Plaintiff has failed to allege that a policy or custom injured him. His apparent reliance on respondeat superior fails to support a § 1983 claim. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation); Monell, 436 U.S. at 691 ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"); see, e.g., Hill v. Palmer, No. 1:18-cv-293-FDW, 2019 WL 956816, at *6 (W.D.N.C. Feb. 27, 2019) (dismissing on initial review claims against Southern Health

6

Case 1:22-cv-00060-MR   Document 9   Filed 06/08/22   Page 6 of 9

Partners, on a theory of respondeat superior, where plaintiff failed to identify any policy or custom and thus failed to state a claim under § 1983). The Plaintiff's official-capacity claims are, therefore, dismissed.

Finally, the Plaintiff purports to sue the Defendants in their individual capacities. The Plaintiff appears to raise claims of false arrest, false imprisonment, and/or malicious prosecution, as well as claims of inciting other inmates to attack him. However, the Plaintiff's factual allegations are so vague and conclusory that the Court cannot determine which of the Defendants' personal actions are alleged to have violated the Plaintiff's constitutional rights, or whether any such violation plausibly occurred. [See Doc. 1 at 4 ("they questioned me," "their misconduct," "detention officer," "officers and a nurse," "(2) officers and a nurse," "they," "jail staff")]; Fed. R. Civ. P. 8(a). Accordingly, the claims against the Defendants in their individual capacities are dismissed without prejudice.

The Plaintiff has failed to allege facts stating a plausible claim that any Defendant violated his constitutional rights. Therefore, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The claims against BCDF are dismissed with prejudice and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The § 1983 claims against BCDF are **DISMISSED WITH PREJUDICE.**

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this

Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to terminate BCDF as a Defendant, and mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: June 8, 2022

Martin Reidinger
Chief United States District Judge