# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:22-cv-00060-MR

| | |
|---|---|
| JACOB HOOTS, )<br><br>                    Plaintiff, )<br><br>vs. )<br><br>SHERIFF OF BUNCOMBE COUNTY,<br>et al., )<br><br>                    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Second

Amended Complaint [Doc. 15]. The Plaintiff is proceeding in forma pauperis.

[Doc. 8].

## I.      BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to

42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was

a pretrial detainee at the Buncombe County Detention Facility (BCDF).[1]

[Doc. 1]. The Complaint was dismissed on initial review, and the Plaintiff

was granted the opportunity to amend. [Doc. 9]. He attempted to amend in

_____

[1] The Plaintiff is presently housed at the Henderson County Detention Center (HCDC).
[See Doc. 15 at 4].

a piecemeal fashion, which was denied, and he was given another opportunity to amend. [See Docs. 10, 11, 14]. The Second Amended Complaint is now before the Court for initial review. [Doc. 15].

The Plaintiff again names as Defendants in their individual and official capacities: Quentin Miller, the Buncombe County sheriff; and FNU Johnson, and FNU Halub, BCDF detention officers; and he has added as new Defendants: Lisa LNU, a BCDF nurse, and John Doe, a detective. He asserts claims for the violation of the Fourth, Eighth, and Fourteenth Amendments, and for defamation under North Carolina law. [Doc. 15 at 3, 5]. As injury, the Plaintiff claims that he was "assaulted numerous times;" that he was denied reasonably adequate medical attention; that his character was defamed; he suffered PTSD; that he was falsely arrested and imprisoned; that he "lost a lot of weight;" that he has difficulty obtaining employment;[2] and that he is still seeing "a mental health person" because the incidents were "so traumatic." [Id. at 5, 13]. He seeks punitive and compensatory damages and whatever other relief the Court feels he deserves. [Id. at 5, 13].

---

[2] It is unclear how the Plaintiff could be experiencing any difficulty in obtaining employment, as he is presently incarcerated.

2

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

3

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

## A.    Parties

The Second Amended Complaint contains allegations that are not directed to any Defendant.  See Fed. R. Civ. P. 10(a) (requiring defendants to be named in the caption); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). The allegations directed at non-parties are dismissed.

The Plaintiff again purports to sue the Defendants in their individual and official capacities.  [Doc. 15 at 3-4].  He "feel[s] that [Sheriff Miller] received [Plaintiff's] grievances and that's why they were unattended too [sic]," and that Miller is responsible "solely because he's the sheriff…." [Id. at 13]. The Plaintiff has failed to state a Monell[3] claim for the reasons discussed on the Order on initial review of the Complaint.  [Doc. 9 at 6-7].  His speculative allegations that Defendant Miller received his grievances are insufficient to state a claim, as is his attempt to rely on the theory of

---

[3] Monell v. Dep't of Social Servs. of City of NY, 436 U.S. 658 (1978).

*respondeat superior.* Accordingly, the claims asserted against the Defendants in their official capacities are dismissed.

## B. False Arrest, False Imprisonment, and Malicious Prosecution

The Plaintiff claims that he was arrested on a "cold" rape case on May 15, 2020; that "a detective"[4] at BCDF told him that his DNA was a match for the rape case; that the Plaintiff told the detective that witnesses could account for his whereabouts at the relevant time, but the detective "didn't take that into consideration;" that the Plaintiff "remained incarcerated over the rape that [he] didn't commit or have anything too [sic] do with" for two years; and that he "was later deemed not too [sic] have committed [the rape]." [Doc. 15 at 13].

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. Amend. IV. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003); see Wallace v. Kato, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter"). Probable cause to justify an arrest means "facts and circumstances

---

[4] This appears to be a reference to the Defendant John Doe detective.

within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the detention up until issuance of process or arraignment. Heck v. Humphrey, 512 U.S. 477, 484 (1994).

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his

6

prosecution ended without a conviction.  Thompson v. Clark, 142 S.Ct. 1332, 1335 (2022).

Here, the Plaintiff expresses disagreement with his arrest and the merit of the criminal charges, but he fails to plausibly allege that any Defendant arrested him, held him, or charged him without probable cause.  The Plaintiff's challenge to the adequacy of the John Doe detective's investigation of the rape does not support a § 1983 claim.  See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")); see, e.g., Savage v. Cnty. of Stafford, Va., 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document and investigate arrestee's alibi did not violate due process).  Accordingly, the Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution are dismissed for failure to state a claim upon which relief can be granted.

## D.    Failure to Protect

The Plaintiff contends that Defendants Johnson, Halub, and Nurse Lisa made "callous [and] unprofessional comments" about his case in front of

7

other inmates including that he "was a rapist," "didn't deserve to live," and he was "less than a man"; that these comments "put[] [him] in danger" and were the "only" reason he was "subjected too [sic] numerous assaults by other inmates…" and "constant fighting" [Doc. 15 at 13].  The Plaintiff "feel[s] this was done in fact to cause [him] harm…."  [Id.].

"A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution."  McFadden v. Butler, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing Smith v. Sangam on Ct y. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013)).  "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner."  Id. (citing Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted)).  "Thus, the standards for a Fourteenth Amendment failure-to-protect claim are the same as those for a comparable claim brought by a convicted prisoner under the Eighth Amendment."[5]  Id. (citations omitted).  To show deliberate indifference under the Eighth

---

[5] In Kingsley v. Hendrickson, 576 U.S. 389 (2015), the United States Supreme Court held that a pretrial detainee bringing an excessive force claim under the Fourteenth Amendment is no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners.  However, neither the Supreme Court nor the Fourth Circuit has extended Kingsley beyond the excessive force context to a pretrial detainee's deliberate indifference claims.  See Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021).

Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, 772 F.3d 340 (4th Cir. 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be "objectively, 'sufficiently serious.'" Id. at 835 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003)).

Taking the Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Plaintiff has minimally stated a claim for failure to protect against Defendants Johnson, Hallub, and Nurse Lisa. These claims have passed initial review.

### E. Due Process Violation

The Plaintiff appears to claim that Defendants Johnson, Hallub, and Nurse Lisa deprived him of due process in that their comments resulted in "significant atypical hardships" such as his "property getting destroyed or stolen etc." [Doc. 15 at 13].

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.  The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action.  Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988).  Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy.  Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).  The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some

established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

Here, the Plaintiff has failed to state a due process claim because the Defendants' actions appear to have been random and unauthorized and, as such, the Plaintiff has an adequate state remedy for any resulting property deprivation. Therefore, the due process claim is dismissed.

## F. Deliberate Indifference to a Serious Medical Need

The Plaintiff claims that Nurse Lisa would not provide him with "reasonable adequate medical care" after some of the assaults by other inmates, and that "sometimes [his] sick calls wouldn't even get processed because she would never call [him] to be seen…." [Doc. 15 at 13].

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[6] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need

---

[6] See note 5, *supra.*

11

for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

12

The Plaintiff's allegations are too vague and conclusory to state a deliberate indifference claim. He has failed to plausibly allege that he had a sufficiently serious medical need, or that the lack of adequate care was due to any Defendant's deliberate indifference, rather than negligence or mistake. Accordingly, the claims for deliberate indifference to a serious medical need are dismissed without prejudice.

## F.    North Carolina Defamation

The Plaintiff claims that he suffered defamation of character in that the news reported that the Plaintiff was arrested for his involvement in the rape case [Doc. 15 at 13, 15] and that Defendants Johnson, Halub, Nurse Lisa made comments about his rape charge in front of other inmates as set forth in Section D, supra.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims

independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

Under North Carolina law, a statement is defamatory if it tends "to prejudice another in his reputation, office, trade, business, or means of livelihood." Donovan v. Fiumara, 114 N.C.App. 524, 526, 442 S.E.2d 572, 574 (1994). The statement must also be false. Id. at 528, 442 S.E.2d at 574. A defamatory statement that charges a plaintiff with committing an infamous crime, impeaches his or her trade or business, or accuses him or her of having a "loathsome disease" is actionable *per se* and the plaintiff does not have to allege or prove malice or special damages; they are presumed. Id. at 527-8, 442 S.E.2d at 574-75. For other defamatory statements, malice and special damages must be alleged and proven. Id. In pleading a cause of action for defamation, a plaintiff must recount the allegedly defamatory statement either verbatim or at least with enough specificity to allow the court to decide if the statement is defamatory. Morrow v. Kings Dep't Stores, Inc., 57 N.C.App. 13, 21, 290 S.E.2d 732, 737 (1982).

14

Here, the Plaintiff fails to attribute the news reports to any Defendant, nor does he identify any false statements contained in those reports. The Court, therefore, will not exercise supplemental jurisdiction over the defamation claim with regard to the news reports.

However, the defamation claim against Defendants Johnson, Halub, and Nurse Lisa is minimally sufficient to state a plausible claim, and arises out of the same incidents as the § 1983 failure to protect claim that has passed initial review. Accordingly, the Court will exercise supplemental jurisdiction over the defamation claim against Defendants Johnson, Halub, and Nurse Lisa at this time.

## IV.    CONCLUSION

In sum, the Second Amended Complaint has passed initial review against Defendants Johnson, Halub, and Nurse Lisa for failure to protect, and the Court will exercise supplemental jurisdiction over the defamation claim against them. The remaining claims are dismissed without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1.    The Second Amended Complaint [Doc. 15] has passed initial review against Defendants Johnson, Halub, and Nurse Lisa for failure to protect, and the Court will exercise supplemental

jurisdiction over the Plaintiff's North Carolina defamation claim against them.

2. The remaining claims are dismissed without prejudice.

3. The Clerk of Court is respectfully instructed to mail three blank summons forms to Plaintiff, which the Plaintiff shall fill then return to the Court for service of process on the Defendants. The Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. When the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED.**

Signed: October 1, 2022

Martin Reidinger
Chief United States District Judge

16