# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00060-MR

| | |
|---|---|
| JACOB HOOTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| QUENTIN MILLER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss. [Doc. 33].

**I.    BACKGROUND**

Pro se Plaintiff Jacob Hoots ("Plaintiff") was incarcerated at the Henderson County Detention Center ("HCDC"). He filed this action pursuant to 42 U.S.C. § 1983 on March 18, 2022, addressing incidents that allegedly occurred at the HCDC and the Buncombe County Detention Facility ("BCDF"). The Plaintiff's Second Amended Complaint passed initial review against Defendants Jonathan Johnson, FNU Halub, and Lisa Mobley for failure to protect, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina defamation claims against them. [Doc. 16]. The Plaintiff's remaining claims were dismissed. [Id.]. The Defendants were

served with Summons and the Second Amended Complaint. [Doc. 12]. Defendants Johnson and Mobley filed Answers. [Docs. 25, 26].

On January 3, 2023, the Court issued an Order requiring the Plaintiff to take further action to prosecute the case against Defendant Halub within 14 days. [Doc. 28]. It cautioned the Plaintiff that, if he failed to do so, Defendant Halub would be dismissed from the case. [Id.]. The January 3, 2023 Order was returned to the Court as undeliverable. [Doc. 29]. On January 30, 2023, the Court dismissed Defendant Halub from the action without prejudice, and ordered the Plaintiff to update the Court with his current address and to inform the Court whether he intends to proceed with this action. [Doc. 30].

On April 11, 2023, the Defendants filed a Suggestion of Death of Plaintiff and attached records including the Plaintiff's Certificate of Death, indicating that he died on January 19, 2023. [Doc. 32 at 1, 6]. On April 13, 2023, Defendants served the Suggestion of Death on the Plaintiff's estate pursuant to Rules 4 and 25(a)(3) of the Federal Rules of Civil Procedure. [See Doc. 33 at 3; Doc. 33-2]. The Plaintiff's estate or personal representative did not respond to the Suggestion of Death and has not moved to substitute as the Plaintiff in this matter. On July 14, 2023, the Defendants moved to dismiss this action pursuant to Rule 25(a) of the

2

Federal Rules of Civil Procedure, arguing that the action must be dismissed for the Plaintiff's estate's failure to timely substitute in this action. [Doc. 33]. There has been no response, and the deadline to do so has expired.

## II. DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party dies … the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the act by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); see Sneed v. United States, No. 1:19-cv-35-MOC-WCM, 2019 WL 4440002, *2 (W.D.N.C. Sept. 16, 2019) (dismissing action where deceased plaintiff's successor failed to move to substitute as plaintiff within 90 days); Stout v. Huneycutt, No. 5:22-cv-124-MR, 2023 WL 3729313 (W.D.N.C. May 30, 2023) (same).

Here, the Plaintiff died on January 19, 2023. [See Docs. 32, 33-1]. On April 11, 2023, the Defendants filed a Suggestion of Death and served it on the Plaintiff's estate on April 13, 2023. [Doc. Doc. 33-2]. Under Rule 25(a)(1), the Plaintiff's successor or representative was, therefore, required to move to substitute as the Plaintiff in this action by Wednesday, July 12, 2023. The deadline has expired, and no one has moved to substitute as a

3

proper Plaintiff in this matter. Further, no response to the Motion to Dismiss has been filed, and that deadline, too, has expired. The Court, therefore, must dismiss this action. As such, the Court will grant Defendants' Motion to Dismiss.

## III. CONCLUSION

In sum, for the reasons stated herein, the Court grants the Defendants' Motion to Dismiss.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 33] is **GRANTED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: August 8, 2023

Martin Reidinger
Chief United States District Judge